IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN CRUMP,

    **Plaintiff,**

    v.                                        CASE NO. 24-3090-JWL

VITAL CORE HEALTH STRATEGIES, LLC,
 et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Steven Crump, a state prisoner currently housed at the Johnson County Adult Detention Center (JCADC) in Olathe, Kansas, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On July 22, 2024, the Court dismissed this matter without prejudice because Plaintiff had failed to comply with a court order directing him to either pay the filing fee or submit a motion to proceed in forma pauperis (IFP), meaning without prepayment of the filing fee, on or before July 8, 2024. (Doc. 5.) On July 25, 2024, the Court received from Plaintiff a motion for leave to proceed IFP and a pro se document it liberally construed as a notice of appeal. (Docs. 7 and 8.)

The motion to proceed IFP (Doc. 7) will be denied as moot because it was signed by Plaintiff and mailed after the Court dismissed this matter and more than 2 weeks after the deadline for Plaintiff to submit a motion to proceed IFP. (*See* Doc. 7, p. 1.) This matter was dismissed without prejudice, so the dismissal will not bar Plaintiff from reasserting his claims in another case. The Court notes, however, that Plaintiff is currently pursuing multiple cases in this Court, including multiple cases that assert claims based on the medical care he has received at the Johnson County Adult Detention Center, including the treatment (or lack of treatment) he receives for his spinal injury. As Plaintiff has been repeatedly advised, he should not raise duplicative claims in multiple cases. Rather, "all claims of inadequate medical care at the [Johnson County Adult Detention Center] related to Plaintiff's back

injury and his treatment for that condition should be brought in case number 24-3036-JWL. *See Crump v. Unified Gov't of Johnson Cty.*, Case No. 24-3036-JWL, Doc. 36, at 15-16 (D. Kan. July 16, 2024).

Finally, despite his notice of appeal, Plaintiff has not filed a motion to proceed *on appeal* IFP. Although the Court liberally construes motions from pro se litigants such as Plaintiff, it cannot liberally construe the current motion to proceed IFP (Doc. 7) as a motion to proceed *on appeal* IFP because a motion to proceed on appeal IFP requires information not included in the motion to proceed IFP in this Court. The Court will direct the clerk to provide to Plaintiff the form motion to proceed on appeal IFP.

**IT IS THEREFORE ORDERED THAT** the motion for leave to proceed in forma pauperis (Doc. 7) is **denied as moot** because it was signed and mailed after this matter was dismissed and judgment was entered. The clerk is directed to send Plaintiff the form motion to proceed on appeal in forma pauperis and to transmit a copy of this order to the Tenth Circuit Court of Appeals.

**IT IS SO ORDERED**.

Dated on this 20th day of August, 2024, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge